Brockenbrough, J.
In this case it appears that Fawkes sued out from the county court a ca. sa. against Davison on the 30th of August 1822, on a judgment there rendered, and by virtue of it the defendant was committed to jail. The prisoner escaped from jail; but when he escaped, or whether the escape was voluntary or by negligence, does not appear from the record, nor perhaps is it material in the present enquiry. In December 1833, the plaintiff gave a written notice to the *555 defendant, that he would move the county court to award a new writ of execution against him, in consoquence of his escape, and of the judgment being yet unpaid. The county court awarded the writ. On appeal, the judgment was reversed by the circuit court; and this last judgment is now brought up for examination and decision.
It was at one tiene decided in England, in Hobart’s time, that where a sheriff suffered a prisoner in execution to escape, the prisoner was discharged from the creditor, and the right of action was entirely transferred against the sheriff who by means of such escape became debitor ex delicto. This decision was declared to be not law in Trcvilian v. Lord Roberts, by the judgment of the court, in 10 Charles 1. and it was then held that though the plaintiff might bring his action against the sheriff for the voluntary escape, yet it is at his election ; for the party in execution shall not, by his own wrong, put the plaintiff to his action against the sheriff, against his will; and it might be that the sheriff is not able to give him recompense. In that case the sheriff had retaken the prisoner, and kept him in prison; and it was decided that he was in execution to the creditor, under the original ca. sa. For a further illustration of the rights of the creditor under the old execution, when the prisoner, having escaped, has afterwards been retaken, either by the sheriff or the creditor, or has voluntarily returned into custody, I refer to the case of Carthrae et al. v. Clarke, 5 Leigh 268. where the question was laboriously investigated.
But if the prisoner has not been retaken, nor returned himself into custody, so as to be in under the old process, what is the remedy of the creditor ? If the writ has never been returned and filed, the plaintiff may have a new capias ad satisfaciendum, and take him again. Ridgeway’s case, 3 Co. Rep. 52. b. In such case no scire facias was necessary to take out the new ca. sa. because *556 it does not judicially appear that the judgment had been executed. But if the writ has been returned and filed, it shews that the judgment has been executed, and if the prisoner has escaped, the creditor cannot have a new ca. sa. against the defendant without a scire facias. Per Holt, 12 Mod. 230. It is remarked Jby Gilbert, “ that the courts formerly held that if the debtor escaped, the only remedy was against the sheriff, and the creditor could have no new execution, because the judgment was executed, and therefore could not be executed over "again; but afterwards they found it necessary to come to another resolution when the debtor escaped, for that fortuitous act of the debtor did not extinguish the debt, and if the debt had still continuance, it .was unreasonable not to allow the creditor his execution in order to have satisfaction of his debt, and it could not be properly said that the judgment was executed over again, when the first execution was rendered by the debtor himself ineffectual.” Gilbert on Executions, pp. 78. 79. But as the judgment had been rendered ineffectual by an event subsequent to the execution of the judgment, it was obviously improper to execute the judgment over again without giving the defendant an opportunity of contesting the facts on which the new right was asserted. That could only be done by application, in some shape or other, to' the court itself, who alone could award a new execution. Accordingly in Buxton v. Home, 1 Show. 174. an action of debt was allowed to be maintained on the judgment as a subsisting unexecuted judgment ; and in Alanson v. Butler, 1 Siderfin 330. also reported 1 Levinz 211. a scire facias guare executionem habere non debet was sustained. I refer also to Bacon’s Abr.'Escape in civil actions. C. who says, “ It has been adjudged that where a sheriff suffered a voluntary escape, the plaintiff might have a new action of debt or á scire facias guare executionem non against the prisoner;” and refers to the above mentioned cases as well *557 as several others. See also same book and title, letter E. 3.
It is to be observed that this process of a scire facias guare executionem non is general, and is not confined to that particular species of execution (the ca. sa.) by which the judgment was in the first instance executed. According to my understanding of the case of Basset v. Salter, as reported in 2 Mod. 136. the court expressed its opinion that either a ca. sa. or a fi. Ja. might be awarded to the plaintiff against the defendant, after the sheriff had suffered him voluntarily to escape; but I judge from the marginal note that a scire facias was the proper process by which he was enabled to obtain either the one or the other of these executions. The case is short and obscure, but I think that this is the true meaning of it. However this may be, it is certain that Gilbert, in the page above referred to, is decidedly of opinion that the creditor might have any execution (whether a ca. sa., fi. fa. or elegit) by which he may obtain satisfaction of his debt.
Not long after the decision in Basset v. Salter, the statute of 8 and 9 Will. 3. ch. 27. § 7. was enacted, which removed all doubts which previously existed there on the subject. It authorizes the creditor at whose suit a prisoner (who had been in execution) has in any manner escaped, to sue out any new capias, or any other kind of execution on the judgment, as if the body of such prisoner had never been taken in execution. The provisions of that statute have never been adopted by our legislature, and we must relieve ourselves from the obscurity with which the common law has invested the subject, as well as we can.
A creditor may then resort to the scire facias qvrne executionem non, and in that way may obtain either a fi.fa. or a new ca. sa. against the defendant who has escaped. But is that the only way in which the courts will allow a just creditor to obtain satisfaction of hiá *558 judgment? Is there any reason why the modern and more summary method of proceeding, by a motion to the court, on a notice to the adverse party, may not be allowed ? The object is to enable the court to enforce its own judgment, and superintend its own process; and justice requires that the speediest method of obtaining this object, compatible with the rights of the defendant, should be adopted. If the debtor desires to enquire into any facts, the court will either hear his evidence, or, in its discretion, may direct a jury to en-quire into those facts, on the motion ; and in this respect the scire facias has no advantage over the motion. For the purpose of enabling the court to superintend with greater ease the execution of its process, and to prevent its abuse, the courts have in modern times substituted the motion for the audita querela, and I can see no reason why we may not, in a plain case like the preseut, adopt that remedy for this kind of scire facias. For other cases in which the courts have exercised a discretionary power in moulding their process to subserve the purposes of justice, I refer to the opinion of the president about to be delivered.
On the whole, 1 am for reversing the judgment of the circuit court, and affirming that of the county court.
Cabell, J. concurred.